## DRAKE v. DRAKE.

Where defendant appeals, with stay, from a decree awarding plaintiff divorce and alimony, and from an order requiring payments to her, pending further litigation, for her maintenance and expenses, the Supreme Court will, on a proper showing, order payments for her support pending the appeal and for expenses in such court.

(Opinion filed, Jan. 10, 1907.)

Appeal from Circuit Court, Roberts County.   Hon. J. H. McCoy, Judge.

Action by Sarah Drake against Alonzo A. Drake for divorce. From an adverse order and decree defendant appealed.   Plaintiff applies for an order requiring defendant to pay for her support and expenses pending the appeal.   Granted.

*Howard Babcock,* for appellant.   *Campbell & Taylor* and *Thad L. Fuller,* for respondent.

HANEY, J.   This is an action for divorce, wherein the circuit court rendered a decree dissolving the marriage for an offense of the defendant, awarding the plaintiff $6,300 as permanent alimony. It also made an order requiring defendant to pay certain sums for plaintiff's maintenance, pending further litigation, and for expenses and attorney's fees.   From this decree and this order the defendant appealed and stayed the execution of each.   Now the plaintiff applies to this court for an order requiring the defendant to provide for the plaintiff's maintenance during the continuance of the litigation, for attorney's fees and expenses, and to reimburse her attorneys for money heretofore expended in her behalf.

Numerous affidavits were read in supoprt of and in opposition to the application.   They have been carefully considered.   No useful purpose would be served by an extended statement of facts.   It clearly appears that the defendant should contribute to the plaintiff's maintenance during the pendency of the appeals, and, as the judgment of the circuit court, if not reversed, may be affirmed or modified, and such orders made concerning expenses, maintenance, and alimony as shall be deemed just upon the hearing of such appeals upon the merits, nothing should now be considered except the plaintiff's future support and the expenses of further litigation. Therefore defendant will be required to pay the plaintiff $25 per

month for her support during the pendency of the action in this court, the first payment to be made on or before February 1, 1907, and $100 on or before March 1, 1907, to apply on the expenses of litigation in this court.

FULLER, P. J., has taken no part in this decision.